NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| YUSEF STEELE, | : | |
| Plaintiff, | : | Civil Action No. 17-7052 (MAS) (TJB) |
| v. | : | **OPINION** |
| ANDREW C. CASEY, et al., | : | |
| Defendants. | : | |

**SHIPP, District Judge**

Plaintiff Yusef Steele is proceeding pro se with a civil rights complaint filed under 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Court Order Sept. 18, 2017, ECF No. 7.) The Court will now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint with prejudice.

**I.    BACKGROUND**

Plaintiff states that he is a pretrial detainee who was arrested on June 1, 2017 on two outstanding warrants, one for a fourth-degree criminal charge and one for a failure to appear. (Compl. 8[1].) Plaintiff was initially granted pretrial release on his fourth-degree criminal charge by the Honorable Pedro Jimenez, J.S.C. on June 2, 2017. (*Id.*) It appears that Plaintiff later

---

[1] Page numbers refer to those that appear on the ECF header.

received a second hearing regarding his failure to appear charge before the Honorable Alberto Rivas, J.S.C. (*Id.*) At that hearing, Judge Rivas ordered Plaintiff detained. (*Id.* at 8–9.) Plaintiff contends that neither the prosecutors nor the public defenders informed Judge Rivas of Plaintiff's earlier pre-trial release order by Judge Jimenez, an act which Plaintiff alleges violated his constitutional rights. (*Id.* at 8, 10.)

Plaintiff filed the instant Complaint on July 15, 2017. (*Id.* at 12.) He raises claims against various individuals from the prosecutor's office and the public defender's office, as well as a state court filing clerk, Laura Schweitzer. (*Id.* at 4–6; Amendment to Compl. 3[2], ECF No. 8.) Plaintiff seeks relief in the form of monetary damages for the time and money he lost because of his "false imprisonment." (Compl. 8.) He also appears to request the Court "order an injunction" to release him from pre-trial detention and to "stop violating [his] due process rights and putting [him] in double jeopardy." (*Id.* at 12.)

## II.     LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[2] Page numbers refer to those that appear on the ECF header.

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555.) To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    ANALYSIS

The Court considers Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived

3

of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Twp. of Clinton, N.J.*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

      A.      **Claims Against the Public Defenders**

Plaintiff's claims against the public defenders are not actionable under § 1983. It is well established that "[c]riminal defense attorneys, including 'public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983.'" *Ellison v. Smith*, No. 18-16200, 2018 WL 6243044, at *2 (D.N.J. Nov. 28, 2018) (quoting *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014)); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." (internal quotation marks and citation omitted)). Moreover, neither public defenders nor private attorneys are state actors liable under § 1983 because they are not persons acting under the color of law. *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys." (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) (alteration in original)). As such, the Complaint fails to state a claim upon which relief may be granted against the public defenders. Plaintiff's claims against the public defenders are dismissed.

### B. Claims Against the Prosecutors

Plaintiff's claims against the prosecutors are similarly not actionable under § 1983. "Prosecutors are ordinarily shielded by absolute immunity for their prosecutorial acts." *United States v. Washington*, 869 F.3d 193, 219 (3d Cir. 2017); *see Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (finding that prosecutors are immune from liability for appearing before a judge and presenting evidence during a judicial proceeding). There can be no dispute that the release hearing before Judge Rivas was a judicial proceeding, and that the prosecutors' role during that hearing was a prosecutorial act. The prosecutors, therefore, are immune from any claims for damages.

Furthermore, the allegations in the Complaint fail to state a valid claim against the prosecutors. Prosecutors have no obligation to present evidence favorable to a defendant, as it is not their role in an adversarial proceeding. *See United States v. Clark*, 982 F.2d 965, 969 (6th Cir. 1993) (finding no prosecutorial misconduct for the prosecutor's comment that the defendant could have presented favorable evidence himself); *Maloy v. Vaughn*, No. 90-6895, 1991 WL 147502, at *2 (E.D. Pa. July 24, 1991) ("The failure of a prosecutor to present to the jury evidence favorable to a defendant is not a violation of the Constitution or laws or treaties of the United States."); *see also United States v. Pelullo*, 399 F.3d 197, 202 (3d Cir. 2005), *as amended* (Mar. 8, 2005) ("[W]e are mindful of the well-established principle that 'the government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.'" (quoting *United States v. Starusko,* 729 F.2d 256, 262 (3d Cir.1984))). To the extent that the public defenders failed to do so on Plaintiff's behalf, as stated above, Plaintiff does not have a cognizable claim against them under § 1983. The Complaint, accordingly, fails to state a claim upon which relief may be granted against the prosecutors. The claims against them are dismissed.

### C. Claim Against the Court Clerk

Finally, the claim against Defendant Schweitzer must also be dismissed. The only factual allegation in the Complaint against Defendant Schweitzer is that she "violated my right to appeal when I sent my motion for reconsideration to initiate my exhaust appeal procedures directed by Hon. Alberto Rivas." (Compl. 10.) Judicial staff, however, are entitled to quasi-immunity from § 1983 claims so long as they did not act outside their discretion, outside the scope of their duties, or contrary to the direction of a judicial officer. *Kulesa v. Rex*, 519 F. App'x 743, 746 (3d Cir. 2013) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772–73 (3d Cir. 2000)); *Lusick v. City of Phila.*, 549 F. App'x 56, 58 (3d Cir. 2013). Here, the Complaint is devoid of any factual allegation to suggest that Defendant Schweitzer acted in such an impermissible fashion. Thus, Plaintiff has failed to state a claim against Defendant Schweitzer upon which relief may be granted.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, any attempt to amend the Complaint would be futile because none of the Defendants are amenable to suit under § 1983. Accordingly, the Court will deny Plaintiff leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice. Leave to amend is denied. An appropriate Order follows.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
